UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

     - against -

THOMAS DODGE CORP. OF NEW YORK
d/b/a THOMAS DODGE SUBARU,

                Defendant.
---------------------------------x

COMPLAINT

07

JURY TRIAL DEMAND

BIANCO

ILINSON, M.

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Francesca Cicciari, Cynthia Lafond, and a class of similarly situated female employees affected by such unlawful practices. As alleged with greater specificity below, the Equal Employment Opportunity Commission charges that Francesca Cicciari, Cynthia Lafond, and other similarly situated female employees were subjected to a sexually hostile environment by Defendant Thomas Dodge Corp. of New York d/b/a Thomas Dodge Subaru ("Defendant"), and that Defendant constructively discharged Francesca Cicciari and Cynthia Lafond.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a New York corporation, doing business in the State of New York, the county of Suffolk, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Francesca Cicciari and Cynthia Lafond filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 1998, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2. These practices have included, but are not limited to, the following:

    A. Defendant has subjected a class of female employees to frequent and pervasive sexual harassment which has included, but is not limited to, making unwelcome comments and jokes of a sexual nature to and about female employees, touching female

employees without their consent, and engaging in other offensive verbal and physical conduct directed at female employees, all because of their sex. Specifically, the harassment has included, but is not limited to: the Unit Supervisor for the Parts Department engaging in offensive touching, using sexually explicit language, making sexually explicit gestures, touching and exposing his penis, showing employees pornographic images on his computer, referring to the body parts of female employees and customers, and bragging about his experiences with prostitutes; the Service Manager/Department Head engaging in offensive sexually explicit language and calling female employees derogatory names based on sex; and the President/Owner referring to females by derogatory names based on sex.

      B.     Female employees have repeatedly complained about the sexual harassment but Defendant has failed to remedy the hostile work environment and has failed to prevent further harassment.

      C.     Defendant knew or should have known about the sexual harassment but has failed to remedy the hostile work environment and has failed to prevent further harassment.

      D.     The sexually hostile work environment Defendant created for Francesca Cicciari and Cynthia Lafond made working conditions so intolerable that Defendant caused their constructive discharge.

8. The effect of the practices complained of above has been to deprive Francesca Cicciari, Cynthia Lafond, and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Francesca Cicciari, Cynthia Lafond, and other similarly situated female employees.

## PRAYER FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Francesca Cicciari and Cynthia Lafond by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices including, but not limited to, front pay and reinstatement.

D. Order Defendant to make whole Francesca Cicciari, Cynthia Lafond, and other similarly situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant to make whole Francesca Cicciari, Cynthia Lafond, and other similarly situated female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above including, but not limited to, pain, suffering, and humiliation in amounts to be determined at trial.

  F. Order Defendant to pay Francesca Cicciari, Cynthia Lafond, and other similarly situated female employees punitive damages for Defendant's malicious and reckless conduct described above in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington D.C. 20507

*/s/ Elizabeth Grossman*

Elizabeth Grossman
Regional Attorney

*/s/ Robert D. Rose*

Robert D. Rose (RR 9174)
Supervisory Trial Attorney
Equal Employment Opportunity
Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, N.Y. 10004
(212) 336-3708
(212) 336-3623 (facsimile)
robert.rose@eeoc.gov

Konrad Batog (KB 9443)
Trial Attorney
Equal Employment Opportunity
Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, N.Y. 10004
(212) 336-3700
(212) 336-3623 (facsimile)
konrad.batog@eeoc.gov