# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

N° 07-CV-00988 (JFB) (AKT)
_____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.,

Plaintiff,

and

CYNTHIA LAFOND AND FRANCESCA CICCIARI,

Intervener-Plaintiffs,

VERSUS

THOMAS DODGE CORP. OF N.Y. d/b/a THOMAS DODGE SUBARU,

Defendant.

_____

MEMORANDUM AND ORDER
December 20, 2007
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Equal Employment Opportunity Commission ("plaintiff" or "EEOC") seeks leave to file an Amended Complaint pursuant to Fed. R. Civ. P. 15(a) to add a retaliation claim under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), in connection with alleged victim Barbara Denninger ("Denninger"), and to add Thomas Motor Sports, Inc. ("Thomas Motor Sports") as a defendant. Defendant Thomas Dodge Corporation of New York ("defendant" or "Thomas Dodge") opposes the proposed amendment adding the Denninger retaliation claim on the following grounds: (1) the proposed amendment is dilatory, prejudicial to the defendant, and made in bad faith; (2) the proposed amendment does not put the defendant on proper notice under Fed. R. Civ. P. 8; and (3) the proposed amendment would be futile because it would not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Defendant also opposes the addition of Thomas Motor Sports as a defendant on the grounds that it

1

is futile, as well as being dilatory and in bad faith. For the reasons that follow, plaintiff's motion to amend the complaint is granted.

## I. Background

The instant lawsuit arises from EEOC charges filed by Cynthia LaFond and Francesca Cicciari (the "Charging Parties"), who are alleged former employees of Thomas Dodge. In their administrative charges, LaFond and Cicciari alleged that Thomas Dodge subjected them and a class of women to sexual harassment and retaliation and constructively discharged them. (Batog Decl., Exs. A, B.) Following an investigation of these charges, the EEOC issued a letter of determination on October 10, 2006 (the "Determination Letter"). That letter stated, in part, as follows:

> Examination of the evidence obtained during the Commission's investigation establishes that there is reasonable cause to believe that [defendant] violated Title VII by subjecting Charging parties and a class of female employees to harassment on the basis of their sex, female. In addition, female employees were subjected to retaliation and/or constructive eviction.

(Batog Decl., Ex. D.)

After unsuccessfully attempting to reach a voluntary settlement through conciliation, the EEOC filed the instant lawsuit on March 8, 2007, alleging that LaFond, Cicciari, and a class of similarly-situated female employees were subjected to a sexually hostile work environment and that Thomas Dodge constructively discharged LaFond and Cicciari in violation of Title VII. On May 8, 2007, LaFond and Cicciari filed a motion to intervene, which was granted on September 5, 2007. On May 9, 2007, Thomas Dodge filed its answer to the complaint.

On June 8, 2007, the EEOC filed a motion to strike Thomas Dodge's affirmative defenses. The EEOC and Thomas Dodge subsequently entered into a stipulation in which Thomas Dodge withdrew its Eighteenth, Twentieth, and Twenty-Third Affirmative Defenses, which included arguments that the Court lacked jurisdiction regarding any claims outside the scope of LaFond and Cicciari's charges and that any such claims should be dismissed. On September 10, 2007, the Court approved the stipulation. A Case Management and Scheduling Order was filed on September 5, 2007, with a November 13, 2007 deadline for joinder of additional parties and amendments of pleadings, and a February 14, 2008 deadline for completion of discovery.

The EEOC has submitted a declaration from the trial attorney assigned to this litigation (the "Batog Declaration") in which the attorney states that, on July 31, 2007, Denninger informed the EEOC that she wished to participate as a claimant in the lawsuit because she was sexually harassed while working at Thomas Dodge and was terminated in retaliation for complaining about the sexual harassment. (Batog Decl. ¶ 14.) It is the EEOC's position that, while the EEOC was aware of Denninger and her allegations during its investigation, the July 31 communication was the first time Denninger notified the EEOC that she wished to participate in the case. (Pl.'s Letter Brief, at 3.) The EEOC disclosed

2

Denninger's allegations to Thomas Dodge on June 15, 2007 in its initial disclosure of its investigative file. (*Id.* at 2.) After the EEOC spoke with Denninger on July 31, 2007, the EEOC again disclosed her identity and allegations of sexual harassment and retaliation on August 13, 2007 in response to defendant's first set of interrogatories. (*Id.*)

On August 31, 2007, the EEOC requested defendant's consent to amend its complaint to include a retaliation claim concerning Denninger and, on September 5, 2007, provided defendant with a copy of the proposed amended complaint. (Batog Decl. ¶ 18, Ex. I.) On October 3, 2007, the EEOC notified the Court in a letter of its desire to amend the complaint and later advised the Court in writing of an additional amendment the EEOC wished to make to the complaint – namely, to add Thomas Motor Sports, Inc. as a defendant. (*See* Pl.'s Letter Brief; Pl.'s Letter Brief Amendment.) On November 12, 2007, Thomas Dodge filed its opposition to the motion to amend ("Def.'s Opposition"). On November 19, 2007, the EEOC filed its reply ("Pl.'s Reply"). On November 22, 2007, Thomas Dodge filed a sur-reply ("Def.'s Sur-Reply") and, on November 27, 2007, the EEOC filed a response to the sur-reply ("Def.'s Response to Sur-Reply"). The Court has fully considered all of the submissions by the parties.

## II. STANDARD

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleadings by leave of the court, and further directs that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Indeed, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Absent "undue delay, bad faith, or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also McCarthy*, 482 F.3d at 200 ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party. However, '[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion.'") (quoting *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002)) (internal citation omitted).

The Second Circuit has interpreted the *Foman* standard to allow amendments, even if there was substantial delay in seeking the same, unless the movant has acted in bad faith, the amendment will prejudice the nonmovant, or the amendment is futile. *See State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."); *accord Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1991) (quoting *Fluor*, 654 F.2d at 856); *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987); *see also Posadas de Mexico, S.A. de C.V. v. Dukes*, 757 F. Supp. 297, 300 (S.D.N.Y. 1991) (recognizing that leave to amend should be given unless the motion for leave is the product of bad faith or dilatory

3

motive, or amendment will prejudice the adversary or be futile). However, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983) (citing *Advocat v. Nexus Indus., Inc.*, 497 F. Supp. 328, 331 (D. Del. 1980)).

Applying this standard, courts have permitted amendments despite the fact that the motion was made at later stages in the litigation after considerable delay. *See, e.g., Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (granting leave to amend after four-year period); *Fluor*, 654 F.2d at 845-46 (granting leave to amend after three-year period); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (granting leave to amend after five-year period and after trial commenced); *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 383 (2d Cir. 1968) (granting leave to amend after three-year period and after case listed as trial ready); *Journal Publ'g Co. v. Am. Home Assurance Co.*, 771 F. Supp. 632, 636-37 (S.D.N.Y. 1991) (granting leave to amend after three-year period); *Zeigan v. Blue Cross and Blue Shield*, 607 F. Supp. 1434, 1438 (S.D.N.Y. 1985) (granting leave to amend after three-year period); *Green v. Wolf Corp.*, 50 F.R.D. 220, 223 (S.D.N.Y. 1970) (granting leave to amend after four-year period).

III. DISCUSSION

A. Denninger Retaliation Claim

Defendant argues that plaintiff's proposed amendment to add Denninger's retaliation claim (1) is dilatory, in bad faith and prejudicial; (2) did not provide the defendant with proper notice under Rule 8; and (3) is futile. As set forth below, the Court concludes that each of these arguments in opposition to the amendment are without merit and there is no basis for denial of leave to amend.

1. Allegations of Delay, Bad Faith, and Prejudice

Defendant argues that plaintiff's motion for leave should be denied because it is dilatory, being sought in bad faith, and that plaintiff has been prejudiced by such delay. Defendant supports its position by arguing that (1) the defendant was aware of Denninger and her purported claim of retaliation for months, or even a year, prior to filing the complaint in the action, and (2) waiting that long prejudiced the defendant. (Def.'s Opposition, at 2-6.)

As a threshold matter, there is no basis to conclude that the EEOC delayed in bringing this motion or has acted in bad faith. The lawsuit was filed on March 8, 2007, and plaintiff contends that the EEOC sought to amend its complaint in a timely manner when Denninger informed the EEOC, on July 31, 2007, that she wished to participate in the lawsuit. (Pl.'s Reply, at 4-5.) Defendant has proffered no evidence to undermine this contention. Although defendant argues that plaintiff could have added Denninger as a party earlier in the proceedings even without Denninger's consent, there is no evidence that counsel for plaintiff acted in bad faith in exercising its discretion not to proceed on Denninger's behalf until she advised counsel that she wished to participate in the lawsuit. Defendant cites a line of cases recognizing

that the EEOC has independent authority to bring claims because it acts in the public interest. (*See* Def.'s Opposition, at 3.) From those cases, defendant correctly concludes that the EEOC did not need Denninger's permission to proceed on the retaliation case. However, even though the EEOC did not need Denninger's permission to proceed, the defendant has not cited any authority to indicate that the EEOC was required to bring such a claim for that individual at that time absent such consent or that waiting for such consent constitutes bad faith. In short, the Court finds no basis to conclude that plaintiff acted in bad faith and attempted to gain a tactical advantage by waiting to add the Denninger retaliation claim.[1]

Finally, there is absolutely no evidence of prejudice to defendant as a result of any delay in bringing Denninger's retaliation claim. As a threshold matter, the EEOC does not violate its statutory "notice" obligation in failing to identify every class member during the administrative process. *EEOC v. Dial Corp.*, 156 F. Supp. 2d 926, 938-39 (N.D. Ill. 2001). "[T]he principal objective of the [notice] provision seems to have been to provide employers fair notice that accusations of discrimination have been levied against them and that they can soon expect an investigation by the EEOC." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 74 (1984). The notice requirement was "designed to ensure that the employer was given some idea of the nature of the charge; the requirement was not envisioned as a substantive constraint on the Commission's investigative authority." *Id.* at 75. Based on the EEOC Determination Letter and the interrogatories, discussed in Part II(A)(3) *infra*, defendant was well aware of a potential retaliation claim for a class of women, if not specifically by Denninger.

Moreover, having reviewed the defendant's submissions, the Court concludes that defendant has failed to demonstrate any prejudice as a result of the delay. In determining what constitutes "prejudice," the Court considers whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. *See, e.g., Tokio Marine*

---

[1] The lack of any evidence of bad faith or attempt to unfairly surprise defendant is further reflected by the fact that the existence of this retaliation allegation by Denninger has been the subject of prior disclosures by the EEOC to Thomas Dodge while this litigation has been pending. For example, Thomas Dodge received the EEOC's investigative file containing the EEOC's interview notes of Denninger on June 15, 2007. (Batog Decl. ¶ 16, Exs. F, G.) Moreover, on August 13, 2007, in response to defendant's first set of interrogatories, the EEOC specifically discussed and identified Denninger and her possible claim for retaliation, along with retaliation by female employees. (Batog Decl. ¶ 17, Ex. H, Interrogatories 1, 7, 14, 15, 16, 17, 18, 19.) For instance, in response to defendant's sixteenth interrogatory, the EEOC's response states in relevant part: "Barbara Denninger was retaliated against in that she was subjected to different terms and conditions of employment and discharged after complaining to Defendant's Sales Manager, Donald Ford, about being subjected to a hostile work environment and being referred to by derogatory names based on sex." (Batog Decl., Ex. H, Interrogatory 16.)

& *Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986); *Fluor*, 654 F.2d at 856; *Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152, 1157-58 (2d Cir. 1968); *Calloway v. Marvel Entm't Group*, 110 F.R.D. 45, 48 (S.D.N.Y. 1986). The Court does not find any of the aforementioned factors to apply here. The lawsuit was filed in March 2007 and discovery has just been initiated. Therefore, the addition of the retaliation claim is being proposed at an early stage in the litigation before any depositions have been taken. There is no reason to believe that the amendment will result in the unnecessary expenditure of additional resources by the defendant or will significantly delay the resolution of the dispute in any way.

In sum, despite the defendant's claims of delay, bad faith, and prejudice, the Court finds that there is no basis to deny leave to amend on such grounds to include the Denninger retaliation claim.

2. Notice Under Rule 8

Defendant further argues that plaintiff did not allege facts in the amended complaint to put defendant on fair notice of the new claim and the grounds upon which relief rests. Thus, defendant contends that the amendment cannot survive a motion to dismiss under Rule 8 of the Federal Rules of Civil Procedure. As set forth below, the Court disagrees and concludes that the proposed amendment satisfies Rule 8.

With respect to pleadings in discrimination cases, the Supreme Court in *Swierkiewicz* rejected the concept that there is a heightened pleading standard and, thus, held that the survival of a complaint in an employment discrimination case does not rest on whether it contains specific facts establishing a *prima facie* case under *McDonnell Douglas*. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) ("The *prima facie* case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."); *see also Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 71-72 (2d Cir. 2006) (applying *Swierkiewicz* holding to retaliation claims); *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006) (applying *Swierkiewicz* holding to discrimination claims under Title VII).

The Supreme Court has recently reiterated that "courts should generally not depart from the usual practice under the Federal Rules [of Civil Procedure]," and explained that heightened pleading requirements can only be established through the legislative process. *Jones v. Bock*, – U.S. –, 127 S.Ct. 910, 919-20 (Jan. 22, 2007). No such heightened pleading requirement for discrimination claims exists in Title VII. Therefore, the controlling standard for survival of a motion to dismiss lies not in *McDonnell Douglas*, but in Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Swierkiewicz*, 534 U.S. at 513 (complaints in discrimination cases "must satisfy only the simple requirements of Rule 8(a)").

The Second Circuit has emphasized that the Federal Rules "set forth a pleading standard under which a plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." *Leibowitz*, 445 F.3d at 591. Such a

pleading "will enable the adverse party to answer and prepare for trial, allow the application of *res judicata*, and identify the nature of the case so it may be assigned the proper form of trial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (internal quotation omitted). A clear statement from the plaintiff alleging discrimination by the defendant is sufficient to achieve these goals. *See Ferro v. R. Exp. Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961) (holding that a complaint stating "that defendants have in a willful and malicious manner discriminated against plaintiff" provided sufficient notice of the discrimination claim).

Plaintiff has made a sufficiently clear statement in the proposed amended complaint of the retaliation claim to satisfy Rule 8(a). Specifically, the amended complaint alleges:

> Defendants have engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. Section 2000e-3 by retaliating against Barbara Denninger because she complained about the sexual harassment to Defendants' Sales Manager. The retaliation includes, but is not limited to, preventing Barbara Denninger from accomplishing her job and discharging her on or about May 25, 2005.

(Am. Compl. ¶ 8.) Plaintiff also indicated that the hostile work environment claim is not limited to Francesca Cicciari and Cynthia Lafond, but also to a class of similarly situated female employees that would include Denninger. (*Id.* ¶ 7.) Accordingly, the Court concludes that the Denninger retaliation claim in the proposed amended complaint complies with Rule 8.

### 3. Futility of Proposed Amendment

Finally, defendant asserts that the proposed amendment would be futile because it cannot survive a motion to dismiss under Rule 12(b)(6). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). Thus, in analyzing whether the proposed amendment is futile, the Court accepts all factual allegations set forth in the proposed amended complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enterp.*, 448 F.3d 518, 521 (2d Cir. 2006) (setting forth the standard for reviewing a motion to dismiss for failure to state a claim); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005) (same). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, – U.S. –, 127 S. Ct. 1955, 1974 (May 21, 2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.*

Here, the defendant argues that the proposed amendment adding Denninger's alleged retaliation claim is futile because it

is not reasonably related to the charges filed by Lafond and Cicciari and, therefore, must be dismissed. (Def.'s Opposition, at 7.) As set forth below, the Court finds defendant's argument unpersuasive.

As a threshold matter, the Court notes that defendant has failed to recognize that this amendment is being proposed by the EEOC, rather than a private litigant and, thus, the case authority cited by defendant in which claims were brought by individual plaintiffs do not apply with equal force to the instant case. It is well settled that "the EEOC is not merely a proxy for victims of discrimination," but rather acts as an enforcer of Title VII's requirements to vindicate the public interest in preventing employment discrimination. *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 326 (1980). In *General Telephone,* in holding that the EEOC may bring cases on behalf of parties without first satisfying the requirements for class certification under Fed. R. Civ. P. 23, the Supreme Court explained:

> Although the EEOC can secure specific relief . . . on behalf of discrimination victims, the agency is guided by the overriding public interest in equal employment opportunity . . . asserted through direct Federal enforcement . . . When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts to vindicate the public interest in preventing employment discrimination.

*Id.* (citations and internal quotations omitted); *see also EEOC v. Johnson & Higgins, Inc.,* 91 F.3d 1529, 1537 (2d Cir. 1996) (holding that the EEOC can file suit even where a charge was not filed by the affected employee).

Therefore, unlike private litigants, "[a]ny violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable." *Gen. Tel. Co.*, 446 U.S. at 331. "[T]he charge merely provide[s] the EEOC with 'a jurisdictional springboard to investigate whether the employer is engaged in any discriminatory practices;' and that investigation may well 'disclose . . . illegal practices other than those listed in the charge.'" *EEOC v. Gen. Elec. Co.,* 532 F.2d 359, 364-65 (4th Cir. 1976) (quoting *EEOC v. Huttig Sash & Door Co.*, 511 F.2d 453, 455 (5th Cir. 1975)). The Seventh Circuit has articulated the basis for this distinction:

> The difference between the two classes of case [*i.e.*, cases filed by private individuals and those filed by the EEOC ] is that exhaustion of administrative remedies is an issue when the suit is brought by a private party but not when the Commission is the plaintiff. Were the private party permitted to add claims that had not been presented in the administrative charge filed with the EEOC, the Commission's informal procedures for resolving discrimination charges . . . would be by-passed, in derogation of the statutory scheme. . . . That is not an issue when the EEOC itself is the plaintiff, which is why a suit by the EEOC is not confined to claims typified by those of the charging party, and why [the defendant] is mistaken to think that the EEOC's complaint must be closely related to

8

the charge that kicked off the Commission's investigation. . . . The charge incites the investigation, but if the investigation turns up additional violations the Commission can add them to the suit.

*EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 832-33 (7th Cir. 2005) (citations and internal quotations omitted). This doctrine not only applies to additional illegal practices that the EEOC discovers during the course of a reasonable investigation of the charge, but also to additional victims who are uncovered during such investigation.[2] *See, e.g., EEOC v. Keco Indus. Inc.,* 748 F.2d 1097, 1101 (6th Cir. 1984) ("[T]he EEOC has merely broadened the scope of the [individual's] charge by alleging that [the defendant] has engaged in sexual discrimination against all of its female employees in its assembly division. Consequently, the only difference between the EEOC's later charge and [the individual's] initial charge is the number of persons victimized by [the defendant's] allegedly discriminatory practices.").

This authority possessed by the EEOC, however, is not unbridled. The additional practices and/or victims must have been ascertained in the course of a reasonable investigation of the charging party's complaint and the EEOC must have provided adequate notice to the defendant-employer of the nature of such charges to allow resolution of the charges through conciliation. *See, e.g., EEOC v. Gen. Elec. Co.,* 532 F.2d at 366 (cited with approval in *Gen. Tel. Co. v. EEOC,* 446 U.S. at 331) ("In other words, the original charge is

---

[2] The Court notes that some courts have utilized different terminology to describe the test, such as "reasonable nexus" or "reasonably related." *See EEOC v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 968 (7th Cir. 1996) ("[The] EEOC may allege in a complaint whatever unlawful conduct it has uncovered during the course of its investigation, provided that there is a reasonable nexus between the initial charge and the subsequent allegations in the complaint.") (citing *EEOC v. United Parcel Serv.*, 860 F.2d 372, 374 (10th Cir. 1988); *EEOC v. McLean Trucking Co.,* 525 F.2d 1007, 1010 n.10 (6th Cir. 1975)); *EEOC v. United Parcel Serv.*, 94 F.3d 314, 318 (7th Cir. 1996) ("[The EEOC] may, to the extent warranted by an investigation reasonably related in scope to the allegations of the underlying charge, seek relief on behalf of individuals beyond the charging parties who are identified during the investigation") (citing *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994)). However, as the Seventh Circuit has noted, "all these . . . are cases that either were filed by a private individual rather than by the Commission or that transpose uncritically language from such cases." *Caterpillar*, 409 F.3d at 832. The Second Circuit has not specifically addressed this issue in the particular context of an EEOC lawsuit, but this Court, after analyzing the Supreme Court precedent and persuasive authority from other circuit courts, believes the framework set forth in *Caterpillar* is the correct one. In any event, under the facts of this case, the EEOC's proposed amendments would also satisfy the "reasonably related" or "reasonable nexus" formulations. Specifically, even if this Court utilized the "reasonably related" standard articulated by the Second Circuit for individual plaintiffs, the proposed retaliation amendment here would be permissible because the Denninger claim "would fall within the 'scope of the EEOC investigation which can reasonably expected to grow out of the charge of discrimination.'" *Butts v. City of N.Y. Dep't of Hous. Pres. and Dev.,* 990 F.2d 1397, 1402 (2d Cir. 1993) (quoting *Smith v. Am. President Lines, Ltd.,* 571 F.2d 102, 107 n.10 (2d Cir. 1978)).

9

sufficient to support the action by the EEOC as well as a civil suit under the Act for any discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge, provided such discrimination was included in the reasonable cause determination of the EEOC and was followed by compliance with the conciliation procedures fixed in the Act."); *accord EEOC v. Am. Nat'l Bank,* 652 F.2d, 1176, 1185 (4th Cir. 1986); *EEOC v. Hearst Corp.*, 553 F.2d 579, 580 (9th Cir. 1976).

In the instant case, the Court concludes that the proposed amendment adding the Denninger retaliation claim would survive a motion to dismiss because, as set forth below, it was ascertained by the EEOC in the course of a reasonable investigation of the charging party's complaint and the EEOC provided notice to Thomas Dodge regarding the full scope of the investigation and charges, as well as an opportunity to conciliate.

Although Thomas Dodge contends it "the alleged sexual harassment experienced by Lafond and Cicciari bears no relation to that alleged by Denninger" and that the EEOC failed to give notice of the charge of retaliation (Def.'s Opposition, at 7-8), those contentions are contradicted by the record. First, the administrative charges filed by Lafond and Cicciari alleged sexual harassment and retaliation. Specifically, the Lafond and Cicciari charges filed with the EEOC both selected the "retaliation" and "sex" boxes. (Batog Decl. ¶¶ 3, 9, Exs. A, B.) The Charging Parties named several specific managers who subjected them to sexual harassment, including, but not limited to, the President and Owner of Thomas Dodge. (Batog Decl. ¶¶ 2, 8, Exs. A, B.) The Charging Parties further alleged that other female employees were subjected to and complained about the sexual harassment. (Batog Decl. ¶¶ 2, 3, Ex. A.) With respect to retaliation, the accompanying affidavits specifically stated, "I have been harmed . . . by . . . [defendant's] outright retaliation against me due to my complaints of said harassment." (Batog Decl. ¶¶ 4, 10 Exs. A, B.) Lafond's Charge also specifically referred to the alleged retaliatory discharge of another employee named Avanzato by the President and Owner. (Batog Decl. ¶¶ 2, 7, Ex. A.) Moreover, during the EEOC's investigation, the EEOC requested and received contact information for all employees, including those employees in the sales, service, and parts department, for a three-year period. (Batog Decl. ¶ 11, Ex. C.) The EEOC also requested information about all employee complaints of harassment from all departments of Thomas Dodge for a two and one-half year period. (*Id.*) Thus, it is clear that the retaliation charges of other employees such as Denninger arose during the course of a reasonable investigation of the Charging Parties' complaints.

Thomas Dodge's claim of a lack of notice as to any retaliation claims by other employees as part of the EEOC investigation is not only undermined by the initial charges and the investigation, but also by the language of the EEOC Determination Letter. In particular, the Determination Letter specifically concerned class-wide harassment and retaliation:

> Examination of the evidence obtained during the Commission's investigation establishes that there is reasonable cause to believe that

10

[defendant] violated Title VII by subjecting Charging parties and a class of female employees to harassment on the basis of their sex, female. In addition, female employees were subjected to retaliation and/or constructive eviction. . . . Upon finding that there is reason to believe that a violation has occurred . . . the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation.

(Batog Decl., Ex. D.)

Defendant's argument that it did not have an opportunity to conciliate the charge of retaliation is similarly unavailing. As discussed above, the plain language of the EEOC determination, among other things, demonstrates that defendant was on notice of the retaliation claims as they apply to the entire class of female employees. As the Fourth Circuit has noted, the "reasonable cause determination is not designed to adjudicate an employer's alleged violations of the Act but to notify an employer of the commission's findings and to provide common ground for conciliation." *Chesapeake & Ohio Ry. Co.,* 577 F.2d 229, 232 (4th Cir. 1978); *accord EEOC v. E.I. DuPont de Nemours & Co.,* 373 F. Supp. 1321, 1336 (D. Del. 1974). Furthermore, the EEOC made demands concerning class-wide equitable and monetary relief to the defendant. *See, e.g.,* Batog Decl. ¶ 13, Ex. E ("Pursuant to the Letter of Determination issued in the above-referenced charge, please be advised that the Commission now commences the conciliation process."). As such, defendant cannot now argue that it never had the opportunity to conciliate such claims during that time.[3]

In sum, the administrative charges, the EEOC's investigation, its Determination Letter, and its conciliation proposal demonstrate that the Denninger retaliation claim arose during the reasonable investigation of the initial charges by the EEOC investigation and defendant was on notice as to the existence of class-based retaliation claims and had an opportunity to conciliate. Thus, plaintiff's proposed amendment to the complaint regarding the Denninger retaliation claim would survive a motion to dismiss and, thus, leave to amend is not futile.

Accordingly, the Court finds no grounds to deny the EEOC leave to amend the complaint to add the Denninger retaliation claim.

---

[3] Defendant's reliance on *EEOC v. Golden Lender Fin. Group*, 99 Civ. 8591 (JGK), 2000 U.S. Dist. LEXIS 4750 (S.D.N.Y. Apr. 13, 2000) is misplaced. Defendant notes that the court in *Golden Lender* dismissed the race and national origin pattern-or-practice claims brought by the EEOC because such claims were not reasonably related to the charges filed by former employees. (Def.'s Opposition, at 7.) However, in a decision not reported on LEXIS, the court subsequently granted the EEOC's motion for reconsideration and denied defendant's motion to dismiss. (Batog Decl., Ex K.) In any event, the facts in *Golden Lender* are distinguishable because in that case the three charging individuals never claimed that any other employees were subjected to discrimination, whereas the initial charges in this case by LaFond and Cicciari alleged that other employees were victims of sexual harassment and retaliation.

11

## B. Adding Thomas Motor Sports as a Defendant

The EEOC also seeks to amend the caption to include Thomas Motor Sports as a named defendant, based on their investigation that defendant Thomas Dodge and Thomas Motor Sports constitute a single employer. Defendant contends that such an amendment would be futile because defendant sold Thomas Motor Sports on January 8, 2007, several months prior to the filing of the instant lawsuit. As set forth below, the Court disagrees that such an amendment is futile.

It is well settled that the relevant time period for determining whether two companies constitute a single employer is when the alleged discrimination took place. *Murray v. Miner*, 74 F.3d 402, 404-05 (2d Cir. 1996) (holding for the single employer policy to apply "the two entities must constitute a single employer at the time the unlawful act was committed."). In the instant case, the relevant time period is from approximately 1998 to 2005. Since the sale took place in 2007, the sale does not render the "single employer" issue moot.[4] Thus, plaintiff's proposed amendment to add Thomas Dodge Motor Sports as a defendant is not futile.

With respect to this proposed amendment, the defendant also argues that it is dilatory and vexatious. However, for the reasons previously stated *supra* in connection with the retaliation amendment, the Court finds no basis for such a conclusion. Moreover, the amendment at this juncture will not result in prejudice.

Accordingly, the Court finds no grounds to deny the EEOC leave to amend the complaint to add Thomas Dodge Motor Sports as a defendant.[5]

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to amend the complaint is granted as it relates to adding both the Denninger retaliation claim and adding Thomas Motor Sports as a defendant. The amended complaint should be filed by January 4, 2008 and the parties should continue to proceed with discovery under the direction of Magistrate Judge Tomlinson.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

---

[4] Similarly, Thomas Dodge argues that the Charging Parties testified in their deposition that they had no connection to Thomas Dodge Motor Sports. However, as discussed *supra*, futility is examined on a motion to dismiss standard in which the allegations in the complaint are accepted as true and are viewed in the light most favorable to plaintiff. Thus, evidence from depositions in support of defendant's position should be reserved for the summary judgment stage.

[5] Defendant further contends that it would not have stipulated to withdraw the affirmative defense for failure to state a claim had it known the amendments would be added to the complaint and, therefore, renews the right to assert such a defense. However, in granting this motion to amend, the Court has determined that the proposed amendments are not futile because they would survive a motion to dismiss. Thus, any affirmative defense regarding failure to state a claim on the same grounds would be moot.

Dated: December 20, 2007
Central Islip, New York

* * *

The attorney for plaintiff is Konrad Batog, Esq., of the Equal Employment Opportunity Commission, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004. The attorneys for defendant are Perry S. Heidecker, Esq., and Michael J. Mauro, Esq., of Milman Labuda Law Group PLLC, 3000 Marcus Ave., Suite 3W3, Lake Success, NY 11042.